RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

Leeza Rodriguez, Kelly Pichardo, and Genesis Corporan,

                            Plaintiffs,

          -against-

673 J.R.V. Corp. d/b/a Diamond Club, John LaCourte, as an individual, and Lucilene Martins, as an individual,

                            Defendants.

---------------------------------------------------------------------------X

**COMPLAINT**

**22-CV-5749**

       Plaintiffs LEEZA RODRIGUEZ, KELLY PICHARDO and GENESIS CORPORAN ("Plaintiffs"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, 673 J.R.V. CORP. d/b/a DIAMOND CLUB, (hereinafter "Diamond Club"), JOHN LACOURTE, as an individual, and LUCILENE MARTINS, as an individual (collectively referred herein as "Defendants") alleges:

## NATURE OF THE ACTION

       1.      This action seeks to recover unpaid minimum wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of bartenders formerly employed by Defendants.

2. Defendants deprive its bartenders of the protections of the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") by failing to pay minimum wage and overtime.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as the corporate Defendants are located in the Southern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiffs**

7. Plaintiff LEEZA RODRIGUEZ resides in the Bronx, New York. She was employed by Defendants as a bartender from on or about October 2021 through December 2021. Plaintiff RODRIGUEZ worked approximately two (2) days per week, and sometimes more.

8. During the time period that plaintiff RODRIGUEZ worked as a bartender, RODRIGUEZ reported to work approximately 9:45pm and worked until approximately 5:00am, for approximately seven and one-quarter hours per day.

9. Plaintiff RODRIGUEZ' duties were: mixing and making drinks, receiving payment for drinks, counting drinks, handling the cash register, proving out, and swiping credit cards.

10. Plaintiff RODRIGUEZ was never permitted an uninterrupted half hour meal break.

11. Plaintiff RODRIGUEZ was an "employee" of defendants within the meaning of the FLSA and the NYLL.

12. Plaintiff KELLY PICHARDO resides in the Bronx, New York. She was employed by Defendants as a bartender from on or about October 2021 through December 2021. Plaintiff PICHARDO worked approximately one day per week, and every other Saturday, but sometimes more.

13. During the time period that plaintiff PICHARDO worked as a bartender, PICHARDO reported to work approximately 9:45pm and worked until approximately 5:00am, for approximately seven and one-quarter hours per day.

14. Plaintiff PICHARDO's duties were: mixing and making drinks, receiving payment for drinks, counting drinks, handling the cash register, proving out, and swiping

credit cards.

15. Plaintiff PICHARDO was never permitted an uninterrupted half hour meal break.

16. Plaintiff PICHARDO was an "employee" of defendants within the meaning of the FLSA and the NYLL.

17. Plaintiff GENESIS CORPORAN resides in Yonkers, New York. She was employed by Defendants as a bartender from on or about August 2021 through February 2022. Plaintiff CORPORAN worked approximately three (3) days per week, and sometimes more.

18. During the time period that plaintiff CORPORAN worked as a bartender, CORPORAN reported to work approximately 9:45pm and worked until approximately 5:00am, for approximately seven and one-quarter hours per day.

19. Plaintiff CORPORAN's duties were: mixing and making drinks, receiving payment for drinks, counting drinks, handling the cash register, proving out, and swiping credit cards.

20. Plaintiff CORPORAN was never permitted an uninterrupted half hour meal break.

21. Plaintiff CORPORAN was an "employee" of defendants within the meaning of the FLSA and the NYLL

**Defendants**

22. Defendant 673 J.R.V. Corp. d/b/a DIAMOND CLUB is a New York corporation that owns and operates DIAMOND CLUB. The principal executive office is located at 673 Hunts Point Ave., Bronx, New York 10474.

23. Defendant 673 J.R.V. Corp. d/b/a DIAMOND CLUB is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including alcoholic beverages, non-alcoholic beverages, makeup, dry goods, and food; and (2) an annual gross volume of sales in excess of $500,000.

24. 673 J.R.V. Corp. d/b/a DIAMOND CLUB is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

25. At all relevant times, 673 J.R.V. Corp. d/b/a DIAMOND CLUB has maintained control, oversight, and direction over Plaintiffs and directed their duties and working hours at 673 J.R.V. Corp. d/b/a DIAMOND CLUB.

26. For instance, 673 J.R.V. Corp. d/b/a DIAMOND CLUB established the dates and time that Plaintiffs had to work on the premises of DIAMOND CLUB.

27. Defendant JOHN LACOURTE is a person engaged in business in the County of Bronx, who is an owner, officer, principal and/or manager of DIAMOND CLUB. He

exercises sufficient control over DIAMOND CLUB operations to be considered the Plaintiffs employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records and, at all times material herein, established and exercised authority regarding the pay practices at DIAMOND CLUB.

28. Defendant LUCILENE MARTINS is a person engaged in business in the County of Bronx, who is an owner, officer, principal and/or manager of DIAMOND CLUB. She exercises sufficient control over DIAMOND CLUB operations to be considered the Plaintiffs employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records and, at all times material herein, established and exercised authority regarding the pay practices at DIAMOND CLUB.

29. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of the FLSA.

30. Plaintiffs are subject to "individual coverage" under the FLSA because they engaged in interstate commerce by accepting credit card payments for customers.

### DEFENDANTS' FAILURE TO PAY MINIMUM WAGE

31. At all relevant times, Defendants were required to pay Plaintiffs full minimum wage at a rate of $15.00 per hour under the FLSA and NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations and/or the Fair Labor Standards Act.

32. Defendants did not pay Plaintiffs minimum wage for all hours that Plaintiffs were

suffered, or permitted by defendants, to work.

33. Defendants were engaged in the Hospitality industry and are covered by the Hospitality Wage Order.

34. Defendants did not issue a proper tip credit notice to Plaintiffs under the FLSA and the NYLL.

35. At all times, Plaintiffs engaged in manual labor and, under the NYLL, Defendants were required to pay Plaintiff no more than seven days after the end of the pay period, pursuant to NYLL § 191(1)(a)(i).

36. NYLL § 191(1) requires payment not less frequently than semi-monthly.

37. To the extent that Defendants paid Plaintiffs any wages, this wage was paid more than one week, and more than two weeks, after the end of Plaintiffs' pay period.

## DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

38. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of hire and at any time the wage is increased.

39. Defendants failed to furnish Plaintiffs with annual wage notices as required by §195(1) of the Labor Law.

40. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay,

regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

41. Defendants failed to furnish Plaintiffs with accurate statements of wages, as required by § 195(3) of the Labor Law.

## DEFENDANTS' UNLAWFUL DEDUCTION FROM WAGES

42. Defendants are not permitted to deduct any money, or charge Plaintiffs any money, from the tips, gratuities, or fees earned by Plaintiffs.

43. Defendants deducted money from Plaintiffs by requiring them to pay $75 for uniforms each night in violation of the New York State Labor Law.

44. Defendants deducted money from Plaintiffs by requiring them to pay for shortages when the bar money was counted, which was approximately $70 to $200 per night.

45. Defendants never reimbursed Plaintiffs for their uniform, in violation of 22 NYCRR § 146-1.8.

46. Defendants manually removed the bucket of tips and counted the tips while not in the presence of Plaintiffs. Defendants never provided any accounting for the tips and, upon information and belief, skimmed from Plaintiffs' tips.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Unpaid Minimum Wages)

47. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding

paragraphs.

48. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

49. At all times relevant, Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

50. Defendants have failed to pay Plaintiffs the minimum wage to which they were entitled under the FLSA.

51. Due to failure to provide a tip credit notice, and Defendants' unlawful deductions from pay, and Defendants' failure to pay Plaintiffs for all hours worked, Defendants were not entitled to pay Plaintiffs the tip-credited minimum wage.

52. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

53. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

54. As a result of Defendants' willful violations of the FLSA, Plaintiffs suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C.

§§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (New York Labor Law – Unpaid Minimum Wages)

55. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

56. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

57. At all times relevant, Plaintiffs were employees of Defendants, and Defendants were employers of Plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

58. Defendants have failed to pay Plaintiffs the minimum hourly wage to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

59. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

60. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (New York Labor Law – Failure to Provide Wage Notices)

61. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

62. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

63. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

64. Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from Defendants liquidated damages of $50.00 per day, for each day that the violation occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FOURTH CAUSE OF ACTION
### (New York Labor Law – Failure to Provide Wage Notices)

65. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

66. Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

67. Through their knowing or intentional failure to provide Plaintiffs with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

68. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $250 per day, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FIFTH CAUSE OF ACTION
**(Unlawful Wage Deductions)**

69. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraph.

70. Pursuant to § 193 of the New York Labor law, Defendants are not permitted to deduct anything from tips, gratuities, or fees paid to Plaintiffs.

71. Defendants required Plaintiffs to purchase a costumes or outfit each night, at the cost of $75 each night.

72. Defendants required Plaintiffs to cover any shortages at the bar each night, at a cost of between $70 and $200 per night.

73. Upon information and belief, Defendants also skimmed money off of the tip buckets, which were meant exclusively for tipped employees, such as Plaintiffs.

74. Said deductions from Plaintiffs' pay, or forced expenditures, are prohibited and unlawful under § 193 of the New York Labor Law and under 22 NYSCRR § 146-1.8.

75. Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, the unlawful deductions from pay, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that Defendants have violated the minimum wage of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that Defendants have violated the minimum wage provisions of the NYLL, and supporting regulations;

c. declaring that Defendants have violated the Wage Theft Prevent Act;

d. declaring that Defendants' violations of the FLSA were willful;

e. declaring that Defendants' violations of the NYLL were willful;

f. awarding Plaintiffs damages for all unpaid wages;

g. awarding Plaintiffs liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h. awarding damages of $50.00 per day, for each day that a violation of §195(1) occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i. awarding Plaintiffs liquidated damages of $250.00 per day, for each day that a violation of §195(3) occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j. awarding Plaintiffs disgorgement, damages, and liquidated damages, for all money unlawfully deducted from her wages, in violation of NYLL § 193;

k. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

l. awarding Plaintiffs pre-judgment and post-judgment interest under the FLSA and the NYLL;

m. granting an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

n. awarding Plaintiffs reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

o. awarding such other and further relief as the Court deems just and proper.

Dated:   Mineola, NY
         July 6, 2022

RAYMOND NARDO, P.C.

By: _____
    RAYMOND NARDO, ESQ.

129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*